## CIRCUMSTANCES UNDER WHICH NOISE FROM MACHINERY IS NOT A NUISANCE.

Circuit Court of Hamilton County.

KATHERINE A. GROTHLICH v. KLEIN & COHN.

Decided, November, 1909.

*Nuisance—Operation of Heavy Machinery is not, When—Injunction Denied on Petition of Residence Owner.*

The operation of heavy hammers and machinery in a manufacturing district can not be enjoined on petition of the owner of residence property, where no substantial vibration of the building is produced, and the machinery is operated in a prudent manner, and the noise is no greater than is common in a populous manufacturing district.

*C. J. McDiarmid* and *Ralph O. Newcomb,* for plaintiff.
*Cohen & Mack,* for defendants.

The plaintiff sued to enjoin the operation of hammers and heavy machinery in defendant's factory adjoining her residence. She was given a decree in the court below.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

It appears from the testimony and a view of the premises including the power-shears in operation that the chief noise arises from the cog-wheels forming a part of the gearing, and that there is no substantial vibration affecting the plaintiff's property. The business itself is lawful and conducted in an ordinarily prudent manner. Such annoyance as the plaintiff suffers is no greater than is endured in any populous neighborhood devoted, as this is, in part to manufactures, and to grant relief by injunction would practically suspend manufacturing within the city limits.

The first proposition of the syllabus in the case of *Goodall* v. *Crofton,* 33 O. S., 271, is as follows:

"On the petition of a landowner, complaining that certain steam power and machinery operated by another on adjoining

land is a nuisance, an injunction should not be granted unless a clear case of nuisance and irreparable injury be made out.''

There is and can be no real injury to the property itself, and while the annoyance to the plaintiff and her tenants is substantial, it does not amount to a nuisance for which an injunction should be granted.

We did not see the derrick and weight for crushing iron in operation; but from the testimony we find no warrant for restraining its operation by injunction.

The petition will be dismissed and each party ordered to pay his own costs.